UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC,<br><br>  Plaintiff,<br><br>v.<br><br>PEP RESEARCH, LLC, BRIAN REYNDERS, FRED REYNDERS, AND DOES 1-10,<br><br>  Defendants. | Case No.: 16CV2328-WQH(BLM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[ECF No. 32]** |

On April 6, 2018, Plaintiff filed an Application to Modify the Scheduling Order to Extend Discovery Deadlines. ECF No. 32. Plaintiff seeks to continue the current pretrial deadlines by sixty days. Id. at 2. In support, Plaintiff states that good cause exists to continue the deadlines because "despite its due diligence, Plaintiff was unable to meet the April 6, 2018 discovery deadline set forth in the Court's scheduling order." Id. at 4. Plaintiff notes that it propounded discovery just ten days after the Court issued its scheduling order and immediately followed up with Defendants when it received responses that it felt were inadequate. Id. at 4-5. After several attempts to meet and confer, the parties were still unable to resolve their issues and Plaintiff filed a motion to compel on January 31, 2018, which the Court granted in part on March 9, 2018. Id. at 5. In further support, Plaintiff states that Defendants failed to produce all documents as ordered by the Court and that Plaintiff was unable to complete the deposition of

1

Defendant Brian Reynders because Mr. Reynders "failed to cooperate by having his mother present in the deposition, having his mother discuss responses to the questions, and refusing to respond to questions." Id. "Plaintiff still needs additional time to complete fact discovery to complete depositions, and obtain the remaining documents compelled by the Court's Order." Id. Plaintiff notes that neither party will be prejudiced by the requested continuance and that there have been no previous requests to modify the scheduling order. Id. at 6.

Defendants filed an opposition to the motion on April 10, 2018.[1] ECF No. 33. Defendants contend that Plaintiff has not been diligent in conducting discovery as evidenced by the fact that it noticed its deposition of Defendant Brian Reynders for a few days before the close of fact discovery. Id. at 1. Defendants also contend that Mr. Reynders deposition was cut short because Plaintiff's counsel "left the deposition abruptly and did not return" despite the fact that defense counsel had asked Mr. Reynders' mother to leave the room so that the deposition could continue.[2] Id. at 2. Defendants further contend that Plaintiff was not diligent because once Mr. Reynders deposition began, Plaintiff's counsel realized that he would need to notice an additional deposition for another person. Id. at 3. Defendants state that Plaintiff improperly discusses pervious discovery disputes in the instant motion that should have no bearing on this issue. Id. at 2. Finally, Defendants contend that Plaintiff failed to properly meet and confer regarding the motion as required by Civil Local Rue 26.1[3] and "never even tried to arrange a joint call as

---

[1] Magistrate Judge Barbara Major's Chambers Rules state that "[a]fter service of the *ex parte* application, opposing counsel will ordinarily be given until 5:00 p.m. on the next business day to respond. If more time is needed, opposing counsel must call the law clerk assigned to the case to modify the schedule." See Judge Major's Chambers Rules located at https://www.casd.uscourts.gov/Rules/SitePages/Home.aspx. Plaintiff's motion was filed and served on April 6, 2018. ECF No. 32. Defense counsel did not contact the Court for additional time to oppose the motion.

[2] Defendants note that Mr. Reynders' mother attended the deposition because Mr. Reynders "has severe attention deficit disorder, and his mother, Barbara Reynders, is essentially his caretaker." ECF No. 33 at 2.

[3] Civil Local Rule 26.1 is entitled "Deposition and Discovery" and requires parties to meet and confer regarding motion filed pursuant to Fed. R. Civ. P. 26 – 37. The instant motion is not a

required in this Court's Chambers Rules."[4]  Id. at 3.  Defendants state that Plaintiff's counsel was aware that defense counsel was on vacation and unable to timely respond to Plaintiff's counsel's email regarding the possible filing of the *ex parte* application.  Id.  Defendants note that "[a]ny extension of discovery will greatly prejudice the Defendants, both personally and professionally by delaying this case any further, as the pending litigation has made it extremely difficult for Defendants to operate their small business."  Id. at 4.

## **LEGAL STANDARD**

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party).  Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ."  Id.

///
///
///

---

motion to compel or a discovery motion.  It is a motion to amend the scheduling order pursuant to Fed. R. Civ. P. 16 and, therefore, Civil Local Rule 26.1 in inapplicable.  See Civil Local Rule 26.1(a) ("The court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues.").

[4] Magistrate Judge Barbara Major's Chambers Rules require the parties to jointly contact the Court regarding discovery disputes.  See Judge Major's Chambers Rules located at https://www.casd.uscourts.gov/Rules/SitePages/Home.aspx (stating that "[i]f the parties meet and confer but fail to resolve their [discovery] dispute through the meet and confer process, then counsel for all parties are required to determine a mutually agreeable time to conduct a conference call with Chambers."). There is no such requirement for *ex parte* Motions.  See id. ("[a]ppropriate *ex parte* applications, which generally do not include discovery disputes, may be filed only after contacting chambers and speaking with a law clerk.").

## ANALYSIS

The discovery disputes raised in the instant motion are not currently before this Court and, as such, the Court makes no findings as to which party behaved more poorly during Defendant Reynders' deposition or whether or not Defendants have complied with this Court's March 9, 2018 discovery order [see ECF No. 30]. As such, the Court has no reason to find that Plaintiff has not been diligent in litigating this case. Contrary to Defendants' arguments, the fact that Plaintiff deposed Defendant Reynders four days before the close of discovery alone, does not demonstrate a lack of diligence. In granting the motion in part and not ordering a sixty day continuance as requested, the Court is recognizing the prejudice that Defendants contend they will suffer if discovery is extended.

For the reasons set forth above, Plaintiff's motion is **GRANTED IN PART** as follows:

|  | **Current Deadline** | **New Deadline** |
| --- | --- | --- |
| Fact Discovery | April 6, 2018 | May 7, 2018 |
| Expert Designation | May 4, 2018 | June 4, 2018 |
| Rebuttal Experts | June 1, 2018 | July 2, 2018 |
| Expert Disclosures | May 4, 2018 | June 4, 2018 |
| Supplemental Disclosures | June 1, 2018 | July 2, 2018 |
| Expert Discovery | June 29, 2018 | July 30, 2018 |
| Pretrial Motion Filing | July 27, 2018 | August 27, 2018 |
| Mandatory Settlement Conference ("MSC") | September 20, 2018 at 1:30 p.m. | October 22, 2018 at 1:30 p.m. |
| MSC Briefs | September 10, 2018 | October 12, 2018 |
| Pretrial Disclosure | November 2, 2018 | December 7, 2018 |
| Memoranda of Contentions of Fact and Law | November 2, 2018 | December 7, 2018 |
| L.R. 16.1(f)(4) Meeting | November 9, 2018 | December 14, 2018 |
| Exchange Proposed Pretrial Order | November 16, 2018 | December 21, 2018 |
| Lodge Proposed Final Pretrial Conference Order | November 23, 2018 | December 28, 2018 |

| | | |
|---|---|---|
| Final Pretrial Conference | November 30, 2018 | January 4, 2019 |
| | at 11:00 a.m. | at 11:00 a.m. |

**IT IS SO ORDERED**.

Dated:  4/16/2018

_Barbara L. Major_
Hon. Barbara L. Major
United States Magistrate Judge