Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Valerie Saryan (SBN 297115)
vsaryan@taulersmith.com
Tauler Smith LLP
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927

Attorneys for Plaintiff Nutrition Distribution, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, an Arizona Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PEP RESEARCH, LLC, a Texas Limited Liability Company dba International Peptide; Brian Reynders an individual; Fred Reynders, an individual and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 16-CV-2328-WQH-BLM<br><br>Hon. Barbara L. Major<br><br>**DECLARATION OF VALERIE SARYAN IN SUPPORT OF MOTION FOR:**<br><br>**(1) SANCTIONS FOR SPOLIATION OF EVIDENCE (FRCP 37(E));**<br><br>**(2) SANCTIONS FOR VIOLATING THE COURT'S MARCH 9, 2018 ORDER (FRCP 37(b)(2)(A)(i));**<br><br>**(3) SANCTIONS FOR FAILURE TO PRODUCE WITNESS FOR RULE 30(B)(6) DEPOSITION (FRCP 37(d))** |

## DECLARATION OF VALERIE SARYAN

I, Valerie Saryan, hereby declare as follows.

1.     I am a counsel for Plaintiff Nutrition Distribution, LLC ("Plaintiff").  I have personal knowledge of the facts stated in this declaration, and if called as a witness, could and would testify competently to the truth of the facts as stated herein.

2.     On November 13, 2017, Plaintiff propounded Requests for Production of Documents, Set One, and Special Interrogatories, Set One, on Defendants PEP Research, LLC ("Defendants").  Attached as Exhibit A is a true and correct copy of Plaintiff's Requests for Production of Documents. Attached as Exhibit B is a true and correct copy of Plaintiff's Interrogatories.

3.      Defendants served responses and objections to the Requests and Interrogatories on December 26, 2017. Attached as Exhibit C is a true and correct copy of Defendants Responses to Plaintiff's Requests for Production of Documents. Attached as Exhibit D is a true and correct copy of Defendants Responses to Plaintiff's Special Interrogatories.

4.     In their responses to Plaintiff's Requests, Defendants stated they would produce documents for all Requests.  However, Defendants did not produce the requested documents.

5.     Plaintiff's counsel sent a Meet and Confer letter to Defendants on December 27, 2017 to address Defendants deficiencies. Attached as Exhibit E is a true and correct copy of Plaintiff's December 27, 2017 Meet and Confer letter sent to opposing counsel.

6.     On January 3, 2018, Defendants served Amended Responses to the Interrogatories. Attached as Exhibit F is a true and correct copy of Defendants' Amended Responses to Interrogatories.

7.     On January 5, 2018, I met and conferred with Defendants' counsel, but we were unable to resolve our discovery disputes. A true and correct copy of Plaintiff's meet and confer that I sent to opposing counsel on January 5, 2018 is attached hereto as

Exhibit G. After exchanging several emails, counsel were still unable to resolve their discovery issues and we contacted the Court on January 17, 2018. A true and correct copy of these emails evidencing my meet and confer efforts with opposing counsel between January 5 to January 17, 2018 is attached hereto as Exhibit H.

8.     Defendants failed to produce all requested documents compelled by the Court Order by the March 26, 2018 deadline.

9.     On March 26, Defendants served Second Amended Responses to Plaintiff's First Set of Special Interrogatories. Attached hereto as Exhibit Q is a true and correct copy of Defendants' Second Amended Responses to Plaintiff's First Set of Special Interrogatories.

10.     On March 19 and 26, Defendants produced approximately 208 documents pursuant to the Court Order. Predictably, the documents produced were deficient, making a mockery of the Court's Order. Thus, on April 23, 2018, I sent another Meet and Confer Letter regarding Defendants failure to comply with the Court's Order. Plaintiff requested Defendants produce all overdue documents ordered by this court by April 27, 2018. However, Defendants did not respond to Plaintiff's letter or produce any of the requested documents. Attached as Exhibit I is a true and correct copy of Plaintiff's April 23, 2018 Meet and Confer Letter that I sent to Defendants counsel.

11.     On May 2 through May 4, 2018, I conducted three depositions on behalf of Plaintiff. The depositions confirmed that Defendants (1) destroyed evidence, (2) did not comply with the Court's Order, and (3) did not provide competent 30(b)(6) witnesses.

12.     After obtaining and reviewing the transcripts for the May depositions, on May 31, 2018, I sent a second meet and confer letter to Defendants' counsel addressing Defendants' failure to respond to the April 23, 2018 Meet and Confer letter regarding its failure to comply with the Court's Order. The May 31, 2018 letter also referenced Defendants spoliation of evidence and Defendants failure to produce a qualified person

for PEP's Rule 30(b)(6) deposition on May 4, 2018. Attached as Exhibit J is a true and correct copy of Plaintiff's May 31, 2018 email that I sent to Defendants counsel.

13.     On June 4, 2018, I made good faith efforts to meet and confer with Defendants' counsel to resolve the discovery disputes before seeking court action. After the meet and confer, Defendants' counsel and I called the clerk of court on June 5, 2018, but were unable to reach a resolution, necessitating this motion.

14.     Defendants destroyed all of the social media posts that contained the false advertising that is the subject of this lawsuit. On March 19, 2018, Defendants produced Court ordered records of its Facebook account. A true and correct copy of Defendants produced version of its Facebook account is attached hereto as Exhibit K. On March 19, 2018, Defendants produced Court ordered records of its Twitter account. A true and correct copy of Defendants produced version of its Twitter account is attached hereto as Exhibit L.

15.     However, Defendants' produced social media documents did not include Facebook and Twitter posts relating to any of the illicit products detailed in the Complaint. It is clear that Defendants deleted these incriminating posts as a result of this lawsuit, as Plaintiff has in its possession evidence of Facebook and Twitter posts regarding the illicit products at issue, obtained as part of its pre-lawsuit investigation

16.     The deleted social media "posts" include advertisements, photos, marketing, and misleading statements at issue in this action. Plaintiff obtained a screenshot of a Facebook post on or around August 2016, that was not on Defendants' produced documents. A true and correct copy of Plaintiff's record of deleted Facebook posts is attached hereto as Exhibit M. I obtained the screenshots on or around August 10, 2016. I obtained a screenshot of PEP's Twitter advertisement of "RAD140," an illicit product at issue in this action on August 10, 2016. The advertisement is not on Defendants' produced Twitter account documents. Further, Plaintiff's screenshot shows that PEP had 66 Tweets on its Twitter account on August 10, 2016, however Defendants March 19,

2018 version shows proof of only 41 Tweets. Thus, these posts were deleted at some point during or in anticipation of litigation between August 2016 and March 19, 2018. A true and correct copy of Plaintiff's evidence of Defendants deleted Twitter posts is attached hereto as Exhibit N.

17.     Shockingly, when asked in his 30(b)(6) deposition, "…since the lawsuit was filed in September 2016, have you deleted any posts from your Facebook?", Brent Reynders testified "Yes." A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 112:23 to 113:1 is attached hereto as Exhibit O.

18.     When asked in his 30(b)(6) deposition if the deletion of posts had anything to do with this lawsuit, Brent Reynders testified "…It's possible. Actually, it was --I think it had more to do with any copycat companies, law firms like yours trying to file the same frivolous lawsuit." A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 113:14 to 114:2 is attached hereto as Exhibit P.

19.     When asked about specific deleted posts, Defendant Brent Reynders, PEP's 30(b)(6) witness for advertising, took things further. For example, when asked about PEP's marketing of Clenbuterol, a synthetic fat loss aide. Brent testified, "I have the right to do whatever I want to do with my Facebook account, regardless of a lawsuit or not. If I wanted to--if I want to delete every single post on my Facebook page, I have the right to do so." A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 115:18 to 116:2 is attached hereto as Exhibit R.

20.     Defendants failed to preserve evidence relevant to this case by purportedly carrying out a "computer system upgrade," which they allege has led to a loss of **all** financial information and emails, including all evidence of Defendants' sales of the illicit products prior to June 2017. A true and correct copy of Defendants Amended

Interrogatory Responses that details the computer mishap are attached hereto as Exhibit F at p. 5:18-22.

21.     Defendants' recent deposition testimony has revealed that Defendants took no steps to preserve any evidence once the case began, as they are required to do. Although Defendants switched hosting providers twice prior to June 2017, and were aware of the risks of data loss, Defendants testified that after the lawsuit, they did not have any backup in place for emails and did not have cloud backup, but conducted the "computer system upgrade" anyways. A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 71:24 to 72:13 is attached hereto as Exhibit S.

22.     Mr. Reynders has a background in computer systems, adding to the inference of intentional spoliation A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 12:15-16 is attached hereto as Exhibit T.

23.     Additionally, Defendants failed to preserve all "communications" between Brent and Fred Reynders regarding financial transactions. Brent disclosed in the 30(b)(6) deposition, that every three months he gives Fred Reynders PEP's total sales figures and sales tax for Texas IRS purposes. Defendant did not disclose the existence of these communications until the May 4th Deposition. Additionally, they did not previously disclose the existence of Defendants Texas tax IRS documents. A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 56:8-24 is attached hereto as Exhibit U.

24.     Defendants did not produce any responsive documents related to the contents of the illicit products.

25.     Defendants failed to produce "invoices" responsive to RFP No. 5, despite admitting that invoices from two suppliers, PHTD and Wuhan, are accessible on "a computer program called WhatsApp that you use to communicate with, which you can

6

print out an invoice if you'd like to." A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 139:1-8 is attached hereto as Exhibit V.

26.     Defendants produced Stripe payment processing statements only for November 27, 2015 to February 9, 2016. PEP's Amegy bank statements show Stripe was used outside of these dates, including $6,300 in Stripe deposits in November 1 to 26, 2015, however Defendants only produced statements starting on November 27, 2015. A true and correct copy of the Stripe Statements is attached hereto as Exhibit W.

27.     Defendants produced Green by Phone statements only for January 1, 2016 through June 1, 2017. A true and correct copy of the Green by Phone statements is attached hereto as Exhibit X.

28.     Defendants produced EcorePay payment processing billing statements only for January 2017 through April 9, 2017. A true and correct copy of the Ecore Statements is attached hereto as Exhibit Y.

29.     Despite the Court Order, no documents were produced responsive to section D(2) of the Court's Order.

30.     Despite the clear language of Section D(3) of the Order compelling production by March 26, 2018, Defendants produced *no documents* from Amazon Pay, Authorize.net, WEPay and Transfirst LLC, and those documents that were produced were not in compliance with the Court Order.

31.     In response to the Court Order that Defendants produce PayPal documents, Defendants produced only *one* page indicating a zero balance. A true and correct copy of the PayPal Statement is attached hereto as Exhibit Z.

32.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 97:15 to 100:20 is attached hereto as Exhibit AA.

33.   A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 107:16-22 is attached hereto as Exhibit BB.

34.   A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 104:3 to 104:23 is attached hereto as Exhibit CC.

35.   A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 105:23 to 106:8 is attached hereto as Exhibit DD.

36.   Despite the fact that the Order required Defendants to produce sales and financial data responsive to RFP 4 (documents related to sales), RFP 26 (quarterly and financial statements), and RFP 27 (corporate tax returns) from third parties if necessary, Defendant Fred Reynders for the first time indicated at his May 3rd deposition, well-after the Court-ordered production date of March 26, 2018, that the financial data was in the sole possession of their CPA, Gordon Lewis, a witness that was never identified in Defendants' Initial Disclosures or in any of their responses to written discovery. A true and correct copy of Defendants' Initial Disclosures is attached hereto as Exhibit EE.

37.   Although the Court ordered tax documents to be produced (RFP 27), Defendants' indicated straight out that they did not intend to comply with the Court Order.  Indeed, Defendant Fred Reynders shockingly testified he had no intention of producing any of the Court ordered tax documents because "it's none of your business" adding, "…I guess you're going to have to go back to the judge and say you didn't get that, but I have no intention of releasing it to you…" A true and correct copy of the May 3, 2018 Transcript of the deposition testimony of Fred Reynders at 59:1-17 is attached hereto as Exhibit FF.

38.   A true and correct copy of the) deposition testimony of the May 3, 2018 Transcript of the deposition testimony of Fred Reynders at 61:3 to 62:16 is attached hereto as Exhibit GG.

DECLARATION OF VALERIE SARYAN

39.     A true and correct copy of the deposition testimony of the May 3, 2018 Transcript of the deposition testimony of Fred Reynders at 59:5 to 60:11 is attached hereto as Exhibit HH.

40.     A true and correct copy of the 30(b)(6) deposition testimony of the May 4, 2018 Transcript of the deposition testimony of Brent Reynders at 56:21 to 57:7 is attached hereto as Exhibit II.

41.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 57:19 to 58:1 is attached hereto as Exhibit JJ.

42.     Defendants failed to produce post-June 2017 responsive documents for Green by Phone, Ecorepay, Transfirst LLC, Authorize.net, and Square, Inc.

43.     When Defendants did actually produce documents nominally responsive to specific categories ordered by the Court, they were not in compliance with the Court's Order.

44.     Defendants produced AmazonPay documents that are indecipherable and unreadable due to Defendants' improper formatting of the statements, so that Plaintiff cannot interpret or read the statements. The AmazonPay documents are insufficient because they were not produced in a proper readable form. A true and correct copy of the AmazonPay statements is attached hereto as Exhibit KK.

45.     Defendants produced a two page document for WePay, a payment processing company. However, the document has no decipherable information and is not responsive to any of Plaintiff's Requests. Defendants did not produce an itemized billing statement for WePay, it only produced a document that shows an account exists. The document produced has a hyperlink to "View all previous withdrawals," however Defendant failed to produce a statement of the previous withdrawals. A true and correct copy of the WePay documents is attached hereto as Exhibit LL.

46.     Defendants produced Stripe payment processing statements only for June 1, 2017 through June 19, 2017. A true and correct copy of the Stripe Statements is attached hereto as Exhibit W.

47.     Deposition testimony of PEP Research, LLC reveals that failure to produce responsive documents to RFP Nos. 4, 8-13, 15, 19, and 26, for June 2017 to the present was intentional. For example, Defendants' failed to produce documents from June 2017 to the present that are responsive to RFP No. 4 which relates to sales of the illicit products; nor RFP No. 8, which relates to Defendants' income; nor RFP No. 19 which relates to current inventory of illicit products.

48.     PEP also admits in deposition testimony that for all gross, costs, net, orders, and sales post-June 2017, Defendant can easily obtain from its website's built-in CRM software. However, Defendants did not produce anything from the website's built in CRM software. A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 153:17 to 154:3 is attached hereto as Exhibit MM.

49.     Defendants possess responsive documents to RFP No. 4 that were not produced. Defendants had produced an email invoice of a customer order dated January 1, 2018, which contains the following information: date, customer address, the name of the product purchased, and the price paid per product, and form of payment used by the customer. Defendants failed to produce any of the email invoice orders. A true and correct copy of the customer order invoice is attached hereto as Exhibit NN.

50.     Defendant also confirms the existence of the email invoices for all sales post June 2017 in deposition testimony. A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 152:6 -19 is attached hereto as Exhibit OO.

51.     Plaintiff served Defendant PEP Research, LLC with a 30(b)(6) deposition notice directed to fourteen topics, and calling for production of a competent witness on

10

DECLARATION OF VALERIE SARYAN

May 4, 2018. A true and correct copy of the Deposition Notice to PEP Research, LLC is attached hereto as Exhibit PP.

52.     On May 4, PEP Research produced Brent Reynders as the designated witness on these topics. Brent Reynders' testimony, however, was totally evasive and uncooperative; including a feigned lack of understanding of basic questions that tracked virtually verbatim the 30(b)(6) topics.

53.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 61:3-10 is attached hereto as Exhibit QQ.

54.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 53:10-15 is attached hereto as Exhibit RR.

55.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 55:2-17 is attached hereto as Exhibit SS.

56.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 142:17-22 is attached hereto as Exhibit TT.

57.     A true and correct copy of the May 4, 2018 Transcript of the 30(b)(6) deposition testimony of Brent Reynders at 50:18 to 51:14 is attached hereto as Exhibit UU.

58.     Defendant PEP Research, LLC designated Brent Reynders to testify on financial matters listed in Plaintiff's notice, however the designee was unable to answer questions regarding the company's finances, and testified that the most knowledgeable persons were Defendant Fred Reynders, whose deposition was two days prior, and their CPA, Gordon Lewis, who was not disclosed in Defendants' disclosures or discovery responses. Thus, Plaintiff was unaware of his existence until May 3, 2018.

59.     As a result of Defendants chicanery, Plaintiff has not been able to obtain any testimony regarding PEP Research's financials, despite taking three depositions of all of PEP's principals, and PEP's 30(b)(6) on the subject.

DECLARATION OF VALERIE SARYAN

60.     I am a 2013 graduate of Whittier Law School, and have spent my career working on civil litigation matters, specializing in false advertising cases like this one for the past two years.  My current hourly rate is $385/hour, which is commensurate with other attorneys with my experience in this practice area.  I spent 75.3 hours on the present dispute, including researching and reviewing all produced discovery and court orders to drafting two meet and confer letters (4.5 hours), drafting meet and confer emails and phone calls with opposing counsel and clerk of court (0.9 hours); researching the present motion (7 hours); reviewing three deposition transcripts to include in present motion and to determine spoliation and contempt claims (5.2); reviewing all of Defendants produced discovery, including reviewing all financial statements in detail to calculate sales figures, determine purchases, and to determine expenses which included identifying each transaction to determine the nature of each transaction on every produced financial statements due to Defendants failure to produce less burdensome documents (10.5 hours); reviewing all of Defendants produced social media, marketing, and advertising and compared to our investigative research to determine spoliation and contempt violations (5.5); reviewing all discovery and the Court Order to determine every violation of the Court Order (4.5); collecting Plaintiff's supporting evidence for spoliation and contempt claims (2.6); compiling, labeling, and preparing exhibits (2.8); drafting this supporting declaration (4.6); and preparing accompanying documents for filing (2.2 hours).  I spent 16 hours drafting the memoranda of points and authorities, approximately half of on the FRCP 37(e) spoliation brief (8 hours) and approximately half on the FRCP 37(b)(2)(A)(i) motion for contempt (8 hours).  I anticipate spending approximately 6 hours in responding to Defendants' opposition brief.  These hours amount to $28,990.50 in legal fees[1].

---

[1] I approximate that 40% of these fees were spent on the FRCP 37(e) spoliation brief ($11,596.20), 40% were spent on the FRCP 37(b)(2)(A)(i) brief ($11,596.20), and 20% were spent on the FRCP 37(d) brief ($5,798.10).

DECLARATION OF VALERIE SARYAN

61.     Additionally, Robert Tauler, a partner of this firm, worked on the present brief.  Mr. Tauler is a 2005 graduate of Harvard Law School and has twelve years of experience in commercial litigation, specializing in representing plaintiffs and defendants in false advertising litigation related to the nutritional supplement industry for the past four years.  Mr. Tauler has obtained over $10 million in jury verdicts over his career and has been admitted to practice in federal courts in six states. Mr. Tauler's hourly rate is $650 per hour which is which is commensurate with other attorneys with his degree of experience and specialization.

62.     Mr. Tauler spent 9.7 hours on the present dispute, including nine hours revising the memoranda of facts and law for the joint motions (approximately 3 hours for each motion) and finalizing the notice and proposed order (0.70) hours, for a total of $6,305.00 in legal fees, divided equally between the three motions (for approximately $2,101.66 in fees for each motion.)

63.     The attorney's fees above total $35,295.50.

64.     I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this Declaration was executed on June 12, 2018 in Los Angeles, CA.


_____/s/ Valerie Saryan_____
Valerie Saryan, Esq

13

DECLARATION OF VALERIE SARYAN