UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC,<br><br>          Plaintiff,<br><br>v.<br><br>PEP RESEARCH, LLC, BRIAN REYNDERS, FRED REYNDERS, AND DOES 1-10,<br><br>          Defendants. | Case No.: 16CV2328-WQH(BLM)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE MOTION TO PERMIT MSC ATTENDANCE VIA TELEPHONE, VACATING MSC, AND SETTING TELEPHONIC ATTORNEYS-ONLY CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 64]** |

On October 16, 2018, Defendants filed an *Ex Parte* Motion to Permit MSC Attendance Via Telephone. ECF No. 64. Defendants' three representatives request permission to attend the October 22, 2018 Mandatory Settlement Conference ("MSC") via telephone. Id. at 2. In support, Defendants argue there is good cause for their request because Defendant (1) Brian Reynders is a mis-named party who has no involvement with Defendant PEP and who should be dismissed when the pending motion for summary judgment is decided, (2) Fred Reynders is a retired septuagenarian who cannot afford the cost, stress, and time required to attend the MSC in person, and (3) Brent Reynders, who has a one-man business, also cannot afford the cost and time required to attend the MSC in person. Id.; see also ECF No. 64-1, Declaration of Stephen M. Lobbin in Support of *Ex Parte* Motion to Permit MSC Attendance Via Telephone ("Lobbin Decl.") at ¶¶ 4-6. In further support, Defendants argue that they do not have money to spend traveling to the MSC from Texas where they reside, because they were recently sanctioned by the Court. Id.; see also Lobbin Decl. at ¶ 7. Finally, Defendants argue that same considerations

that took place when the Court permitted Plaintiff to telephonically depose Defendants to limit expenses, should apply here as well. Id. at 3.

On October 16, 2018, Plaintiff filed an Opposition to Defendants' *Ex Parte* Motion to Permit MSC Attendance Via Telephone. ECF No. 65. Plaintiff contends Defendants' motion should be denied because Defendants have been aware of the MSC since April 16, 2018 and their late request to be excused demonstrates a lack of diligence. Id. at 2. Plaintiff further contends that the basis of Defendants' request does not meet the standard required for being excused from personal appearance. Id. Plaintiff notes that its representative has already arranged travel from Idaho to California for the MSC and would "be subject to costs" if the Court were to hold the conference telephonically. Id. at 3.

Defendants' motion is **DENIED**. The Court's chambers rules state that "[t]he Court will not grant requests to excuse a required party from personally appearing [at an MSC] absent extraordinary circumstances. Distance of travel alone does not constitute an 'extraordinary circumstance.'" In addition, the November 3, 2017 scheduling order that was entered in this case states that "[u]nless there is good cause, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance." ECF No. 22 at 4. The Court believes that the presence of all parties and counsel is critical to the possibility of a successful settlement. However, after reviewing the parties' settlement statements, the Court finds that the parties are not ready to engage in meaningful settlement discussions at this time and **VACATES** the MSC set for October 22, 2018 at 1:30 p.m. The Court will hold a telephonic, attorneys-only Case Management Conference on **November 8, 2018** at **3:00 p.m.** All other deadlines and requirements remain as previously set. See ECF Nos. 22 and 34.

**IT IS SO ORDERED**.

Dated: 10/18/2018

Hon. Barbara L. Major
United States Magistrate Judge