UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NUTRITION DISTRIBUTION LLC, | Case No.: 16CV2328-WQH(BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANTS'** |
| v. | **MOTION FOR RECONSIDERATION OF SANCTIONS AGAINST DEFENDANTS** |
| PEP RESEARCH, LLC, BRIAN REYNDERS, FRED REYNDERS, AND DOES 1-10, | **AND REQUIRING PARTIES TO EXCHANGE SETTLEMENT OFFERS** |
| Defendant. | **[ECF No. 51]** |

Currently before the Court is Defendants' September 6, 2018 motion for reconsideration [ECF No. 51 ("Mot.")], Plaintiff's September 18, 2018 opposition [ECF No. 61 ("Oppo.")], and Defendants' September 25, 2018 reply [ECF No. 63 ("Reply")]. For the reasons set for the below, the Court **DENIES** Defendants' motion for reconsideration.

## RELEVANT BACKGROUND

On January 31, 2018, Plaintiff filed a Motion to Compel Responses and Production of Documents. See ECF No. 25. Defendants opposed the motion and on March 9, 2018, the Court issued an Order Granting in Part Plaintiff's Motion to Compel Responses and Production of Documents. ECF Nos. 27 and 30. The Court sanctioned Defendants and defense counsel $5,870.00. ECF No. 30 at 21.

On June 12, 2018, Plaintiff filed a motion for sanctions based upon spoliation of evidence,

1

violating the Court's March 9, 2018 discovery order, and failing to produce an adequately prepared witness for a Rule 30(b)(6) deposition. ECF No. 40. Defendants opposed the motion on June 19, 2018 and Plaintiff replied on June 26, 2018. ECF Nos. 41 and 42. On August 8, 2018, the Court issued an order granting Plaintiff's motion to compel a second Rule 30(b)(6) deposition and the production of additional documents, denying Plaintiff's motion for a finding of contempt, and granting in part Plaintiff's request for monetary and evidentiary sanctions. ECF No. 45. The Court also recommended that Judge Hayes grant in part Plaintiff's motion for evidentiary and monetary sanctions for spoliation. Id.

On August 24, 2018, Defendants filed an objection to the Court's Report and Recommendation. ECF No. 46. Plaintiff replied to the objections on September 7, 2018. ECF No. 54. The Report and Recommendation is pending. ECF No. 45.

On September 6, 2018, Defendants filed the instant motion seeking reconsideration of the Court's August 8, 2018 order. Mot.

### **LEGAL STANDARD**

Pursuant to Local Rule 7.1(i)(1),

Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

S.D. Cal. Civ.L.R. 7.1(i)(1).

### **PARTIES' POSITIONS**

Defendants request that the Court reconsider "the factual basis, justification and amount of the Court's recent sanctions award." Mot. at 2. Defendants specifically request that the Court

2

reconsider the amount of monetary sanctions, the award of sanctions against defense counsel, and the evidentiary sanctions. Id. at 5-9. Plaintiff contends that Defendants' motion for reconsideration should be denied because it fails to comply with S.D. Cal. Civ.L.R. 7.1(i)(1) as it does not provide an affidavit of a party or witness or certified statement of an attorney as required and "does not provide any new or different facts and circumstances claimed to exist which did not exist, or were not shown upon such prior application." Oppo. at 3.

## **DISCUSSION**

Initially, the Court notes that Defendants filed a five page opposition, only two of which contained substantive argument, in response to Plaintiff's detailed 34 page motion seeking monetary and evidentiary sanctions. ECF No. 41. The opposition was supported by two declarations – a two page declaration from Defendant Fred Reynders and a five page declaration from Brent Reynders consisting mainly of conclusory statements rather than actual facts. ECF Nos. 41-4 and 41-2. The fact that Defendants chose to respond to Plaintiff's extensive and detailed motion seeking serious sanctions with a perfunctory opposition does not provide a basis for reconsideration. If Defendants had additional facts or arguments to support their opposition to Plaintiff's sanction motion, they should have provided them in their original opposition. See S.D. Cal. Civ.L.R. 7.1(f)(3)(b) ("[t]he opposition must contain a brief and complete statement of all reasons in opposition to the position taken by the movant, an answering memorandum of points and authorities, and copies of all documentary evidence upon which the party in opposition relies.").

In the instant motion, Defendants again fail to provide any facts or evidence. Mot. Defendants do not provide the required "affidavit of a party or witness or certified statement of an attorney" describing the new or different facts supporting the motion for reconsideration. S.D. Cal. Civ.L.R. 7.1(i)(1). Rather, Defendants refer to facts presented to the District Judge in an opposition to a motion to dismiss [Mot. at 3 (citing to ECF No. 11-1)] and in an objection pleading filed after the Court's sanction order was issued [Mot. at 3 and 6 (citing to ECF No. 46-1)]. Defendants' current motion also contains statements regarding defense counsel's qualifications and what he did or did not do in this case, but these "facts" are not established

3

by a declaration or other evidence, they are merely included in the argument. See e.g. Mot. at 3 n.3 (statements regarding counsel's qualifications) and 4 (statements regarding counsel's conduct in this litigation). Similarly, the motion asserts allegedly factual statements regarding Defendants' conduct that are not supported by a declaration, a citation to a prior declaration, or any other admissible evidence. See e.g. p. 5, 6, and 9. As such, Defendants and defense counsel have failed to comply with S.D. Cal. Civ.L.R. 7.1(i)(1) and failed to provide any new facts or evidence to support their request.

Despite Defendants' and defense counsel's failures, the Court will address Defendant's motion for reconsideration.

## A.    Request to Reconsider the Total Amount of Sanctions

Defendants argue that because Defendant PEP is a small business averaging less than $29,000 in total sales revenue and because PEP provided reasonable explanations for its discovery conduct, the Court should consider the proportionality requirements of Fed. R. Civ. P. 26(b)(1) and reduce the sanction award. Mot. at 5. Defendants further argue that the Court should reconsider its conclusion that "Brent Reynders was not adequately prepared or sufficiently knowledgeable to testify as a corporate witness regarding the finances of PEP as described in Topic Five" because Topic Five was "broad and unwieldy" and Mr. Reynders was as prepared and knowledgeable as possible despite the "inartful and unfortunate statements" he made during the deposition. Id. Defendants also assert that the Court unfairly reversed the burden of proof by concluding that it could not find Defendants complied with discovery obligations because PEP's response to Plaintiff's motion was inadequate and unsubstantiated and the Court improperly relied on deposition testimony as evidence of misconduct. Id. at 6. Finally, Defendants argue that Plaintiff was not prejudiced by the financial testimony because it has PEP's tax returns. Id.

Plaintiff responds that the Court's decision was proper as Defendants failed to meet their burden of showing that special circumstances make the sanctions award unjust or that their discovery failures were substantially justified. Oppo. at 3-4. Plaintiff notes that in the current motion, Defendants have not submitted any new evidence or identified any new special

4

circumstances.  Id. at 4.  Plaintiff also contends that the (1) proportionality considerations of Fed. R. Civ. P. 26(b)(1) do not affect the amount of sanctions awarded, something that is governed by Fed. R. Civ. P. 37, (2) Defendant PEP's size and prior sanctions against Defendants do not justify reconsideration of sanctions, and (3) Defendants fail to provide a reasonable explanation for PEP's conduct.  Id. at 5-7.  Plaintiff notes that the Court has already reduced the requested amount of sanctions by more than 50%.  Id. at 5.  Finally, Plaintiff contends that the Court's decision to sanction Defendants for failing to produce a competent Fed. R. Civ. P. 30(b)(6) witness was proper because "it was a known fact amongst Defendants that Brent Reynders was not the most knowledgeable on finances."  Id. at 8.  Plaintiff notes that Defendants' argument that Plaintiff was not prejudiced because it has all of PEP's financial information fails because the information was provided after the Court's order sanctioning Defendants and compelling production.  Id.

Defendants reply that (1) its motion for reconsideration was properly filed because the Court granted them permission to file the motion, (2) they provided all the financial documents a small company could reasonably have with all of the detail their records permitted, (3) the explanation for their conduct "goes to the heart of the proportionality standard," and (4) Brent and Fred Reynders were prepared to discuss PEP's finances during their depositions.  Reply at 1-3.

Contrary to Defendants' argument, the Court did not unfairly reverse the burden of proof. Mot. at 6.  As set forth in the Court's sanction order, Plaintiff met its burden of showing that Defendants violated the Court's March 9, 2018 discovery order and failed to adequately prepare and present a deponent pursuant to Fed. R. Civ. P. 30(b)(6).  ECF No. 45 at 4-11, 14-17, 20-24.  "[O]nce a violation is demonstrated, the disobedient party[, in this case Defendants,] bears the burden of showing that the failure was justified or that special circumstances make an award of expenses unjust."  Hullinger v. Anand, 2016 WL 7444620 at *8 (citing Apple Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 2862613, at *6 (N.D. Cal. July 11, 2012)).  Defendants failed to meet that burden as Defendants' brief conclusory opposition did not provide facts satisfying either prong.  As such, the Court used the correct standard and properly determined that Defendants

5

1  had failed to establish that their discovery violations were justified or an award of expenses

2  unjust.

3  Defendants argue that the Court should utilize the proportionality considerations of Rule

4  26(b)(1) to reduce the sanctions award because PEP is a "very small" company and counsel is

5  acting "*pro bono*" because he no longer is getting paid.  Mot. at 3, 6.  Defendants did not

6  adequately raise this argument in their original opposition as they merely stated that they had

7  a "tiny financial footprint," "the actual facts in this situation do not support any more monetary

8  sanctions," and that "[e]ven if any fees were appropriate, certainly Plaintiff's request for over

9  $30,000 is obviously excessive and unsupportable," without further argument regarding their

10  size, revenue, or Fed. R. Civ. P. 26(b)(1).  See ECF No. 41 at 1-2 n.1.  Defendants' failure to

11  provide legal argument and detailed facts in their opposition does not warrant reconsideration

12  of the Court's order.

13  Moreover, Defendants fail to provide any legal authority to support their Rule 26

14  proportionality argument.  Rule 26(b)(1) addresses the scope of discovery, not the amount of

15  sanctions. Fed. R. Civ. P. 26(b)(1).  The sanctions award is governed by Rule 37, which required

16  the Court to award sanctions in the amount of "reasonable expenses incurred in making the

17  motion, including attorney's fees" unless Defendants established that the discovery failure(s)

18  were justified or that special circumstances make an award of expenses unjust. As discussed

19  above and in the sanctions order, Defendants did not satisfy either prong.  See ECF No. 45 at

20  22-24.  Even in their motion for reconsideration, Defendants fail to provide any legal argument

21  or authority that their economic situation constitutes a "special circumstance" making an award

22  unjust and the "facts" stated above are not provided as admissible evidence in the motion.

23  Moreover, as analyzed in detail in the Court's sanctions order, Defendants committed a number

24  of discovery violations and the Court exercised its discretion and reduced the requested expense

25  to less than $15,000.  See ECF No. 45.

26  The Court also finds no basis to change its finding regarding Defendant Brent Reynders'

27  30(b)(6) deposition.  In the sanctions order, the Court found that Plaintiff carried its burden of

28  establishing that Brent Reynders, who was designated as PEP's Fed. R. Civ. P. 30(b)(6) witness,

6

was not adequately prepared or sufficiently knowledgeable to testify as a corporate witness regarding the finances of PEP as described in Topic Five. ECF No. 45 at 7-10. In their original opposition, Defendants did not argue that the topic was overbroad and merely asserted that the issue was "moot" because Fred Reynders had testified about the company's financial affairs during his individual deposition. Defendants did not provide any facts or deposition testimony to support their argument and the Court rejected it. Id.

Defendants now argue that the designated 30(b)(6) Topic 5 was "exceedingly broad and unwieldy" and that "although Brent Reynders made some inartful and unfortunate statements in his deposition, the fact remains that he was as prepared and knowledgeable as reasonably possible." Mot. at 5. Defendants' current challenge that the topic is overbroad is untimely as the original deposition and follow-up deposition have both been completed and Defendants never filed a motion or otherwise challenged the validity or breadth of the topic. It also is without merit as the scope of the topic is not what made Brent Reynders an unprepared and inappropriate corporate witness. See ECF No. 45 at 7-10. Finally, Defendants have not provided any evidence to support their claim that Brent Reynders was properly prepared to be the corporate witness on financial issues and as explained in detail in the Court's original order, the evidence that was submitted established that he was not prepared. ECF No. 45 at 4-11.

Defendants' last argument is that Plaintiff was not prejudiced by the 30(b)(6) deposition because all of PEP's financial information, including tax returns, have been produced. Id. Plaintiff disputes this characterization and argues that the tax returns were not produced until August 24, 2018, after the Court's August 9, 2018 order compelling production and imposing sanctions. Oppo. at 7-8, n1. Defendants do not deny this fact in their reply, but instead state that they produced all of the company and individual tax returns, which had not been the subject of a discovery request, in their supplemental document production. Reply at 2, n.1. Rule 37 clearly authorizes sanctions in situations in which "the disclosure or requested discovery is provided after the motion was filed" and Defendants do not provide any facts or law indicating that a discovery production made after an order imposing monetary sanctions warrants reduction of the sanctions amount.

7

With regard to the third-party documents, the Court found that Plaintiff carried its burden of demonstrating that its requests were relevant and that Defendants' responses were "inadequate and unsubstantiated" and that the objections to those requests were not justified. ECF No. 45 at 13-18. In their opposition, Defendants failed to adequately respond to the allegations and evidence presented by Plaintiff demonstrating shortages in the production. ECF No. 41 at 3. Instead, Defendants merely asserted that they produced everything that they had and tried really hard to get additional documents without success. Id. Defendant PEP did not provide any specific facts or explanation to support its conclusory statements that it did "all it reasonably could" to obtain and produce documents and conducted a "diligent search and inquiry." Id.; see also ECF No. 41-2 at 3-4. After considering the evidence submitted by both sides, the Court found that Defendants had not established that their discovery responses were substantially justified or that the sanction award was unjust. See ECF No. 45 at 14-17. Defendants' current argument does not undermine this determination.

Defendants' motion to reconsider the total amount of sanctions is **DENIED**. Defendants fail to show any new or different facts or circumstances which did not exist, or were not shown, upon such prior application as is required on a motion for reconsideration. See S.D. Cal. Civ.L.R. 7.1(i)(1). In addition, the arguments presented by Defendants do not change the Court's original decision as the admissible evidence clearly establishes that the Defendants failed to comply with their discovery obligations and the Court's discovery order and that the awarded fees are reasonable.

**B.     Request to Reconsider the Award of Sanctions against Defense Counsel**

Defendants argue that if the Court imposes sanctions, they should not be imposed against defense counsel. Mot. at 6. Defendants assert that the Court's factual predicates were incorrect, that the Court improperly shifted the burden to counsel to demonstrate that he did not contribute to the discovery failures which is unfair since counsel is working *pro bono* and performing a public service, and that counsel was not provided adequate notice of the possibility of sanctions against him. Id. at 6-7. Defense counsel asserts in the motion, but not in a declaration, that he properly instructed his clients to "produce everything [they] have" and that their failure to

16CV2328-WQH(BLM)

follow that advice "should not be cause to sanction counsel who is not even being paid." Id. Defendants highlight the fact that the deposition testimony the Court considered in its order was from telephonic depositions and involved unsophisticated litigants. Id. Finally, Defendants or defense counsel note that after the Court issued its order, Defendants produced all tax documents from the company and individual defendants even through Plaintiff only sought the records from PEP. Id.

Plaintiff contends that the sanctions are appropriate and that the evidence does not support counsel's statement that he told Defendants to produce everything that they had. Oppo. at 9. Plaintiff also contends that despite Defendants' attempts to explain some of their testimony by characterizing themselves as unsophisticated, testy, and defensive, they fail to explain the content of the testimony or to raise any new issues. Id. Plaintiff further contends that Defendants' argument that their counsel should not be sanctioned because he is representing them *pro bono* fails because his representation of Defendants "furthers the financial interests of a criminal enterprise (not an indigent) and thus does not qualify as '*pro bono*' representation." Id. at 10 (citing ECF No. 54-1 at ¶ 2 "which shows criminal charges against online businesses marketing and offering for sale 'research chemicals and peptides' under the false label 'Research Purposes Only.'").

Defendants reply that Plaintiff's reference to various portions of Defendants' deposition testimony does not "undercut the veracity" of defense counsel's declaration concerning his attempts to ensure that his clients produced all required discovery. Reply at 3.

Defendants' motion to reconsider the award of sanctions against defense counsel is **DENIED**. Initially, Defendants fail to show any new or different facts and circumstances which did not exist, or were not shown, upon such prior application as is required on a motion for reconsideration. See S.D. Cal. Civ. L.R. 7.1(i)(1). In Defendants' Reply, they assert that defense counsel submitted a sworn declaration "concerning his attempts to ensure that PEP produced all of its available documents promptly" but they do not provide a cite. Reply at 63. The only declaration submitted by defense counsel accompanied the Reply and it merely identifies four documents attached as exhibits. ECF No. 63-1. Counsel's declaration does not provide any

9

facts regarding his work in this case.  Id.  As such, there is no evidence that would justify the Court reconsidering its decision to impose the discovery sanctions against both Defendants and counsel.

Defendants also repeatedly argue that counsel should not be sanctioned because he is not getting paid to represent them in this matter.  Mot. at 3, 6-7, n.6, 8.  Defendants do not provide any case law or legal authority that an attorney who is not currently being paid for his legal work should be held to a lower standard for his legal representation or that such an attorney cannot be sanctioned.  In addition, counsel did not seek to be relieved as counsel of record on the basis that he was not being paid and, therefore, the Court and Defendants have the right to expect that counsel will continue to provide quality representation.

Defendants argue that the Court failed to provide counsel with adequate notice that he might be sanctioned and improperly shifted the burden to defense counsel "that he must prove himself innocent of some unspecified lapse."  Mot. at 6.  Defendants assert that the motion was a motion to compel, not an order to show cause.  Id.  Contrary to Defendants' claims, Plaintiff's motion was a motion for sanctions and not a motion to compel discovery and in the motion for sanctions, Plaintiff specifically requested that "the Court order Defendants and its counsel to pay for Plaintiff's attorneys' fees and costs associated with this Motion totaling $35,295.50."  ECF No. 40 at 3 (emphasis added).  Plaintiff also requested that "Defendants And Their Counsel Should Be Ordered To Pay Plaintiff's Attorneys Fees And Costs In Connection With This Motion For Contempt."  Id. at 28 (emphasis added).  Defendants and defense counsel were therefore on notice that sanctions were being sought against both parties and counsel and both Defendants and counsel had the opportunity to oppose the request.  As discussed above, Defendants' opposition consisted of five pages and only stated that they should not be sanctioned and that the amount of Plaintiff's request was "excessive and unsupportable."  See ECF No. 41 at 2 n.1.  The only reference to the request for sanctions against counsel was a footnote wherein Defendants stated that "unless counsel actively caused a party to fall short in discovery responses, counsel is not responsible and should not be even "jointly and severally" liable for discovery sanctions" and that "[w]hile attorneys of course are required to use the tools

10

available to them to ensure that clients locate and produce all relevant documents and answer interrogatories completely (which the undersigned has done exhaustively), attorneys have access to documents and information not directly, but only through their clients." Id. Neither Defendants nor defense counsel provided evidence regarding what defense counsel did or did not do in this case regarding the discovery violations and the preparation of the Rule 30(b)(6) witness. As a result, the Court relied on the evidence that was presented and found that a sanction award against both Defendants and defense counsel was appropriate. ECF No. 45 at 23 n.10, 24-25. Finally, Defendants' arguments regarding the nature of the depositions (telephonic with unsophisticated businessmen) are not persuasive as they do not address the substance of the testimony and it was the substance of the testimony that the Court relied on. Defendants have not provided any new evidence and the Court finds no basis to reconsider or modify its order.

## C.     Request to Reconsider the Award of Evidentiary Sanctions

Defendants argue that Defendant Brent Reynders' declaration denying spoliation is the evidence the Court should have considered when awarding evidentiary sanctions, not Defendant Brent Reynders' deposition testimony regarding the deletion of a single post, which merely shows the "bluster and sass" of an "annoyed and exasperated, and unsophisticated witness." Mot. at 8. Defendants note that Defendant PEP

> would stipulate to the content of the alleged 'false advertising' at issue; as such, finding duplicative Facebook posts making the same statements would not be a 'proportional' use of the discovery process.

Id. Defendants also argue that the Court misplaced the burden on Defendant PEP to disprove Plaintiff's claim of culpable spoliation which is not proportional under the Federal Rules where only minimal potential damages are available. Id. Defendants note that because PEP has produced a complete set of tax returns and financial documents, "it is highly unlikely that any evidence lost (even if spoliation occurred) prejudices Plaintiff's ability to present its case at trial." Id. at 8-9. Finally Defendants argue that the Court's recommendation for an adverse instruction "goes too far" as Plaintiff has not been doing any business recently and has no business that is

11

1  in retail competition with Defendant PEP.  Id. at 9.  Defendants state that

3      [a]t most, the instruction should state that the 'social media posts; support
       Plaintiff's claim that PEP makes the alleged statements in its advertising of 'not for
4      human consumption' and 'intended for laboratory research only.

5  Id.

6      Plaintiff contends that the Court should deny Defendants' request to reconsider the

7  evidentiary sanctions because Defendants fail to provide any additional proof or arguments that

8  would substantially justify the spoliation of evidence and because Defendants merely reiterate

9  their argument that they were emotional during their depositions.  Id. at 10-11.  Plaintiff notes

10  that it is prejudiced by the spoliation as it is now required to rely on incomplete evidence and

11  that Defendants' statement that the deleted posts were duplicative of other posts is

12  unsupported.  Id. at 11.  Plaintiff also argues that the Court properly recommended an adverse

13  inference instruction and that Defendants' proposed instruction is not actually adverse to

14  Defendants and, instead, would actually create an adverse inference instruction against Plaintiff.

15  Id. at 12.

16      Defendants reply that the evidentiary sanction is disproportional because Plaintiff has no

17  case to begin with and that "it would be unfair to give life to Plaintiff's non-existent case only

18  because of an overly-broad evidentiary sanction."  Reply at 5.

19      Defendants' motion to reconsider its recommendation for the award of evidentiary

20  sanctions is **DENIED**.  Contrary to Defendants' current argument, the Court did consider both

21  Mr. Reynders' testimony and his declaration and found that the testimony was more persuasive

22  since it was more detailed.  ECF No. 45 at 29-31.  The testimony that the Court considered was

23  not limited to a single deleted Facebook post as Defendants argue.  Mot. at 8.  In the testimony

24  in question, Defendant Brent Reynders was asked if he deleted any posts (plural) from Facebook

25  since the lawsuit began, to which he responded yes.  ECF No. 40-17 at 2.  When asked which

26  posts and how many posts he deleted any how many times he deleted posts, Mr. Reynders could

27  not recall the answer.  Id. at 3.  When asked why he deleted posts (plural) on Facebook, he

28  responded that it was because he felt he was being sued for "frivolous stuff."  Id.  Mr. Reynders'

1   deposition testimony was presumably taken under oath and the Court properly considered the

2   testimony along with Mr. Reynders' declaration.  After reviewing both the deposition testimony

3   and the declaration, which contradicted each other, the Court found the detailed deposition

4   testimony established that Defendant deleted relevant Facebook posts after the instant matter

5   was initiated and made its recommendations in accordance with that finding.  See Cyntegra,

6   Inc. v. Idexx Labs., Inc., 2007 WL 5193736, at *4 (C.D. Cal. Sept. 21, 2007) (finding that the

7   declarations submitted in support of plaintiff's opposition to defendant's spoliation motion had

8   "minimal persuasive value" where there was a stark contrast between one of the declarant's

9   previous sworn deposition testimony and declaration and the conflicting declaration "arises when

10  Plaintiff faces a spoliation motion").  Defendants cite no cases or law in support of their position

11  that the Court should not have considered Mr. Reynders' submitted deposition testimony.  The

12  burden was not improperly placed on Defendants.  Instead, the burden was on Plaintiff to

13  present evidence in support of a finding of spoliation and the Court found that it did so.  ECF

14  No. 45 at 29- 31.  Plaintiff also established prejudice from the deleted posts.  Id. at 30-31.

15       Defendant has again failed to show any new or different facts and circumstances which

16  did not exist, or were not shown, upon such prior application as is required on a motion for

17  reconsideration.  See S.D. Cal. Civ.L.R. 7.1(i)(1).  The Court notes that Defendants were given

18  the opportunity to object to the Court's recommendation in their Objections to Report and

19  Recommendation and that they have done so.  See ECF No. 45 at 36-37; see also ECF No. 46.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

16CV2328-WQH(BLM)

**CONCLUSION**

Defendants' motion for reconsideration is **DENIED**. Defendants must pay the ordered monetary sanctions by **November 14, 2018** and must file a declaration verifying payment by **November 19, 2018**.

On October 18, 2018, the Court vacated the Mandatory Settlement Conference scheduled for October 22, 2018 and scheduled a telephonic attorneys-only Case Management Conference for November 8, 2018. ECF No. 66. In preparation for the telephonic conference, Plaintiff is **ORDERED** to make a settlement demand to Defendants by **October 30, 2018**. Defendants must respond to the demand with a settlement offer by **November 6, 2018**.

**IT IS SO ORDERED**.

Dated: 10/24/2018

Hon. Barbara L. Major
United States Magistrate Judge

16CV2328-WQH(BLM)