

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>PEP RESEARCH, LLC, a Texas Limited Liability Company doing business as International Peptide; BRIAN REYNDERS, an individual; FRED REYNDERS, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 16cv2328-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 45) issued by the Magistrate Judge.

**I.  BACKGROUND**

On September 15, 2016, Plaintiff initiated this action by filing a Complaint, alleging violation of the Lanham Act by Defendants PEP Research LLC (PEP), Brian Reynders, and Fred Reynders. (ECF No. 1). On December 30, 2016, Plaintiff filed an amended

complaint, the operative complaint in this action, alleging the same claims.[1] Plaintiff alleges that Defendants' supplement company, a competitor of Plaintiff, engaged in false and misleading advertising of certain prescription-only drugs and synthetic peptides. (ECF No. 9). The docket reflects that the parties have engaged in discovery proceedings.

On August 9, 2018, the Magistrate Judge ordered (ECF No. 45) that Plaintiff's motion (ECF No. 40) for monetary sanctions pursuant to Fed. R. Civ. P. 37(d) be granted on the grounds "that Defendants failed to comply with several parts of the Court's March 9, 2018 discovery order and failed to adequately prepare and present a deponent pursuant to Fed. R. Civ. P. 30(b)(6)." (ECF No. 45 at 23). The Magistrate Judge concluded Defendants had inadequately responded to Plaintiff's requests for production of documents. The Magistrate Judge concluded that Brent Reynders, Defendants' Fed. R. Civ. P. 30(b)(6) witness, admitted he "was not adequately prepared or sufficiently knowledgeable to testify as a corporate witness" regarding the identified financial topics, and was "unable or unwilling to adequately respond to Plaintiff's counsel's questions which were squarely in line with the noticed deposition topic." *Id.* at 10. The Magistrate Judge imposed sanctions against both Defendants and Defendants' counsel because "the evidence presented to the Court indicates that counsel did contribute to the discovery violations and failures to comply." *Id.* at 23.

The Magistrate Judge also issued a report and recommendation. The Magistrate Judge found evidence supporting all elements of spoliation as to certain deleted social media posts. The Magistrate Judge concluded, and Defendants did not dispute, the obligation to preserve relevant evidence arose "no later than June 1, 2016." *Id.* at 29. The Magistrate Judge concluded the evidence established a culpable state of mind, based on Brent Reynder's deposition testimony that he deleted Facebook posts after September

---

[1] Plaintiff's claims for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and Plaintiff's claims against Defendants Mastercard International Incorporated, Authorize.net, and Amazon Payments, have been dismissed. (ECF Nos. 15, 21).

2016, that "[i]t's possible" the deleted posts had to do with the lawsuit, and that "I have the right to do whatever I want to do with my Facebook account, regardless of a lawsuit or not. If I wanted to -- if I want to delete every single post on my Facebook page, I have the right to do so." *Id.* at 30. The Magistrate Judge found this deposition testimony contradicted Defendants' declaration that posts were deleted before the litigation and were not intentionally deleted for litigation purposes. *Id.* The Magistrate Judge concluded that "the evidence establishes that Defendant deleted relevant social media posts after this case was filed and the law does not require that Defendants destroyed or deleted the posts 'intentionally for this litigation;' it merely requires destruction after notice to preserve or negligence." *Id.*

The Magistrate Judge concluded, and Defendants did not dispute, the deleted evidence was relevant to Plaintiff's claims. *Id.* at 31. The Magistrate Judge stated "Initially, Defendants' deposition testimony and the lack of any legitimate explanation for the destruction of evidence establishes bad faith," which suffices to demonstrates relevance. The Magistrate Judge concluded Plaintiff had established prejudice, as "Plaintiff only has some Facebook and Twitter posts regarding the challenged products which it obtained during its pre-lawsuit investigation." *Id.*

The Magistrate Judge concluded that Plaintiff's evidence did not support a finding of spoliation as to financial data and emails lost in a June 2017 computer upgrade. *Id.* at 31–32. The Magistrate Judge recommended that this Court issue an order:

> (1) approving and adopting this Report and Recommendation; (2) FINDING that Defendants spoiled social media evidence, (3) GRANTING Plaintiff's motion for an adverse inference instruction "that the social media posts deleted were false advertising of products that compete with Plaintiff," (4) DENYING Plaintiff's request for an adverse inference instruction that "the spoliated financial information would demonstrate proximate cause and commercial injury to Plaintiff," and (5) DENYING Plaintiff's request for monetary sanctions related to spoliation.

*Id.* at 36. The Magistrate Judge ordered objections to be filed by August 24, 2018. *Id.* On August 24, 2018, Defendants filed objections (ECF No. 40), supported by the Declaration of Brent Reynders (ECF No. 40-1). On September 7, 2018, Plaintiff filed a reply to Defendants' objections (ECF No. 54), supported in part by the Declaration of Valerie Saryan (ECF No. 54-1).

## II. DISCUSSION

### A. Sanctions Against Defendants' Counsel

Defendants dispute the monetary sanctions imposed by the Magistrate Judge on the grounds that counsel was not on notice of the requirement to show counsel was not responsible for any discovery noncompliance. Defendants contend that sanctions were unfairly imposed on counsel, in part because counsel represents Defendants pro bono. Defendants contend that counsel properly advised appropriate production of documents. (ECF No. 46 at 4–5). Defendants contend that the statements of an unsophisticated and defensive deponent do not show counsel's failings. Defendants contend sufficient documents have been produced.

Plaintiff contends sanctions against Defendants' counsel are proper. (ECF No. 54 at 2). Plaintiff asserts that Defendants' counsel was notified of the potential sanctions order because Plaintiff expressly requested the order in the motion for sanctions, and Defendants and Defendants' counsel had already received discovery sanctions in this action. Plaintiff asserts that Defendants' counsel was paid, and deserves no leniency based on pro bono service.

A district court judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with a limited number of exceptions. 28 U.S.C. § 636(b)(1)(A). "A judge may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Rule 72(a) of the Federal Rules of Civil Procedure states,

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly

conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). A magistrate judge's nondispositive order may be set aside or modified by a district court only if it is found to be clearly erroneous or contrary to law. *Bhan v. Hosps., Inc.* 929 F.2d 1404, 1414 (9th Cir. 1991).

Matters concerning discovery generally are considered nondispositive of the litigation and reviewed under the clearly erroneous standard. *See, e.g., FDIC v. Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decision made in connection with non-dispositive pretrial discovery matters."). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

Defendants object only to the portion of the Magistrate Judge's order imposing monetary sanctions against Defendants' counsel. Defendants do not object to, and the Court does not review, the appropriateness of discovery sanctions under Fed. R. Civ. P. 37(b)(2) in this case. The Court has reviewed the order, the parties' briefings, and the record in full.

The imposition of 37(b)(2) sanctions is nondispositive in this case. The Magistrate Judge referenced deposition testimony of Brent Reynders and Fred Reynders, who stated they would produce certain documents only upon instruction from the judge or counsel. (ECF No. 45 at 23–24). The Magistrate Judge stated those documents were within the scope of the court's previous discovery orders, and that Defendants had produced no evidence showing counsel had explained the previous orders or instructed that the

documents be produced. *Id.* Defendants provide a declaration by Brent Reynders, stating that "certainly our counsel advised us to preserve our relevant documents, and produce everything we have that could possibly be relevant, not just documents sufficient to respond to Plaintiff's specific requests." (ECF No. 46-1 at 2).

The evidence in the record tends to establish that Defendants' counsel was responsible for the discovery noncompliance. Defendants do not provide cases or other law to support the assertion that sanctions against pro bono counsel are inappropriate under the circumstances. The Magistrate Judge's imposition of sanctions against Defendants' counsel was not clearly erroneous or contrary to law. Counsel's failure to oversee Defendants' discovery efforts can give rise to sanctions. *See Knickerbocker v. Corinthian Colls.*, 298 F.R.D. 670, 678 (W.D. Wash. 2014) (collecting Southern District of California cases imposing sanctions on attorneys for discovery failures). Defendants' objections to the sanctions Order are overruled.

**B. Report & Recommendation**

Defendants object to the Magistrate Judge's finding of a culpable state of mind as to the deleted social media posts. Defendants contend the Magistrate Judge's findings are insufficiently supported by the "bluster and sass" of an "unsophisticated," "defensive and testy," "annoyed and exasperated" deponent, who denies spoliation in a sworn Declaration. (ECF No. 46 at 5–6). Defendants assert that PEP "would stipulate to the content of the alleged 'false advertising' at issue; as such, finding duplicative Facebook posts making the same statements would not be a 'proportional' use of the discovery process." *Id.* at 6. Defendants assert that the Magistrate Judge inappropriately placed the burden on PEP to disprove spoliation.

Defendants assert that the recommended adverse instruction goes too far, because Plaintiff has done no business recently, specifically no business competing with PEP. Defendants contend the instruction should at most state, "that the 'social media posts' support Plaintiff's claim that PEP makes the alleged statements in its advertising of 'not for human consumption' and 'intended for laboratory research only.'" *Id.* at 7.

| | |
|---|---|
| 1 | Plaintiff asserts that the evidence supports the recommended adverse inference |
| 2 | instruction, and that Defendants' objections and supporting declaration are unsubstantiated |
| 3 | and misleading. (ECF No. 54 at 4–6). |
| 4 | Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b) set forth the duties of |
| 5 | the district court as to a report and recommendation issued by a magistrate judge. The |
| 6 | district judge must "make a de novo determination of those portions of the report . . . to |
| 7 | which objection is made," and "may accept, reject, or modify, in whole or in part, the |
| 8 | findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district |
| 9 | court need not review de novo those portions of a report and recommendation to which |
| 10 | neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); |
| 11 | *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the |
| 12 | Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, |
| 13 | findings and recommendations that the parties themselves accept as correct."). |
| 14 | There is no objection filed to the Magistrate Judge's recommendation to deny an |
| 15 | adverse inference instruction as to spoliated financial information, or the recommendation |
| 16 | to deny the request for monetary sanctions related to spoliation. Defendants object to, and |
| 17 | the Court reviews de novo, the Magistrate Judge's recommended finding of spoliation of |
| 18 | social media evidence, and recommended adverse inference instruction. |
| 19 | Courts in the Ninth Circuit apply a three-element test when a party seeks an adverse |
| 20 | inference instruction on grounds of spoliation: (1) the person in control of the evidence had |
| 21 | the obligation to preserve relevant evidence at the time of destruction, (2) the evidence was |
| 22 | destroyed with a culpable state of mind, and (3) the evidence was relevant. *See Compass* |
| 23 | *Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d. 1040, 1054 & n.2 (S. D. Cal. |
| 24 | 2015) (collecting cases). For the second element, a "culpable state of mind" requires a |
| 25 | showing of at least negligence. *See Sherwin-Williams Co. v. JB Collision Servs., Inc.*, No. |
| 26 | 13cv1946–LAB(WVG), 2015 WL 4077732, at *4 (S.D. Cal. July 3, 2015); *Cottle-Banks* |
| 27 | *v. Cox Commc'ns, Inc.*, No. 10cv2133–GPC(WVG), 2013 WL 2244333, at *14 (S.D. Cal. |
| 28 | May 21, 2013). For the third element, "relevance" requires a showing that the evidence |

was destroyed in bad faith, or that the evidence would have helped the innocent party prove its claim or defense. *See Sherwin Williams*, 2015 WL 4077732, at *4; *In re Hitachi Television Optical Block Cases*, No. 08cv1746DMS(NLS), 2011 WL 3563781, at *6 (S.D. Cal. Aug. 12, 2011) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)). Bad faith is not a prerequisite showing for evidentiary sanctions, but the spoliating party's mental state is relevant to determining the appropriate harshness of the sanctions. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 992 (N.D. Cal. 2012) (collecting factors relevant to severity of sanctions).

The Magistrate Judge found that the duty to preserve relevant evidence arose no later than June 1, 2016. The Magistrate Judge found that the social media posts at issue were deleted after June 1, 2016. The Magistrate Judge found that Defendants had control over the social media accounts at issue. Defendants do not object to these findings and the Court concludes the Defendants were in control of the evidence and had an obligation to preserve the evidence at the time of destruction. The first element is satisfied.

The second element, a culpable state of mind, requires only a negligent failure to preserve the evidence. The Magistrate Judge found that the social media posts were deleted while Defendants were under a duty to preserve relevant evidence. Defendants do not object to this finding and the Court concludes that the second element is satisfied.

Regarding the third element, relevance, Defendants assert that Plaintiff does not need the deleted postings to prove the Lanham Act claim because Plaintiff already possesses some postings. Plaintiff's claim requires proof that Defendants made false statements of fact in advertising the product at issue in this case. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Plaintiff cannot use the deleted posts and that impairs Plaintiff's ability to establish the false advertising claim. The Court concludes that the evidence would have helped Plaintiff prove the Lanham Act claim. The third element is satisfied. The Court finds Defendants spoliated social media evidence. An adverse inference instruction is justified.

8

16cv2328-WQH-BLM

An adverse inference instruction is a harsh sanction. *See Apple*, 888 F. Supp. 2d at 994 (collecting cases observing harshness or severity of adverse inference instructions). Courts vary the language of an adverse inference instruction according to the degree of fault of the spoliating party. *See Compass Bank*, 104 F. Supp. 3d at 1054; *Victorino v. FCA US LLC*, No. 16cv1617–GPC(JLB), 2017 WL 4541653, at *9 (S.D. Cal. Oct. 11, 2017). The harshest adverse inference instruction deems certain facts admitted, which the jury must accept as true. *Id.* The harshest instruction is appropriate when the spoliating party acted willfully or in bad faith. *Id.* The next harshest instruction is a mandatory, rebuttable presumption, appropriate when the spoliating party was willfull or reckless. *Id.* The least harsh instruction gives the jury the option to presume the lost evidence is relevant and favorable to the innocent party, in which case the jury considers rebuttal evidence and determines whether to draw an adverse inference. *Id.* A court must consider the degree of prejudice to the nonspoliating party and impose the least harsh sanction that adequately deters spoliation and places the risk of an incorrect judgment on the party who created that risk. *See Reisendorf v. Sketchers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).

Plaintiff asserts, and the Magistrate Judge concluded, that Defendants acted with a culpable state of mind. The deposition testimony regarding the deleted posts, in addition to Defendants' reluctance to comply with other discovery orders, support a finding of a culpable state of mind. Given the nature of the claim in this case, however, the instruction that the deleted social media posts were false advertising of products that compete with Plaintiff's products is tantamount to entry of judgment. *See In re Black Diamond Min. Co., LLC*, 514 B.R. 230, 243 (E.D. Ky. 2014) (finding mandatory instructions of "parties' negligent failure to purchase coal or failure to exercise sound business judgment" tantamount to entry of judgment against those parties) (citing *Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013)). The record shows that Plaintiff has preserved some social media postings. *See* ECF No. 40 at 13–14 ("Plaintiff has in its possession evidence of Facebook and Twitter posts regarding the illicit products at issue obtained as part of its pre-lawsuit investigation."). Defendants offer to stipulate to the contents of the posts. *See* ECF

No. 46 at 6 ("Moreover, PEP would stipulate to the content of the alleged 'false advertising' at issue.").

The Court will give an adverse inference instruction. The jury will be instructed as follows:

> Defendants have failed to preserve social media posts for Plaintiff's use in this litigation after Defendants' duty to preserve arose. You may, but are not obligated to, infer that the deleted social media posts were favorable to Plaintiff and unfavorable to Defendants.

*See Apple*, 888 F. Supp. 2d at 995 (reducing harshness of adverse inference instruction with similar language); *see also NuVasive, Inc. v. Madsen Med., Inc.*, No. 13cv2077(BTM)(RBB), 2015 WL 5638210, at *1 (S.D. Cal. Sept. 24, 2015) (imposing optional presumption adverse inference instruction against negligently spoliating party).

## III. CONCLUSION

IT IS HEREBY ORDERED that Defendants' objections (ECF No. 46) to the Magistrate Judge's Order (ECF No. 45 at 3:20–25:6), granting in part and denying in part Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) and 37(d) (ECF No. 40 at 17–32), are overruled.

IT IS FURTHER ORDERED that the Report and Recommendation is adopted and approved (ECF No. 45 at 25:6–37:9), with the exception of the language of the adverse inference instruction (ECF No. 45 at 35:8–9, 36:6–7). The Court finds that Defendants have spoliated relevant social media evidence and that such spoliation prejudices Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(E) (ECF No. 40 at 12–16) is granted in part and denied in part. Plaintiff's request for an adverse inference instruction is granted. (ECF No. 40 at 16:17–18). The jury will receive the following adverse inference instruction:

> Defendants have failed to preserve social media posts for Plaintiff's use in this litigation after Defendants' duty to preserve arose. You may, but are not obligated to, infer that the deleted social media posts were favorable to Plaintiff and unfavorable to Defendants.

Plaintiff's request for monetary sanctions related to spoliation is denied. *Id.* at 16:16–17. Plaintiff's request for an adverse inference instruction as to spoliated financial information is denied. *Id.* at 16:18–20.

DATED: 10/4/18

_____
**WILLIAM Q. HAYES**
United States District Judge