UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>                        Plaintiff,<br>v.<br><br>PEP RESEARCH, LLC, a Texas Limited Liability Company doing business as International Peptide; BRIAN REYNDERS, an individual; FRED REYNDERS, an individual; DOES 1 through 10, inclusive,<br><br>                        Defendants. | Case No.: 16cv2328-WQH-BLM<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the motion for attorney fees and related expenses filed by Defendants. (ECF No. 78).

**I.    PROCEDURAL BACKGROUND**

    On September 15, 2016, Plaintiff initiated this action by filing a complaint, alleging violation of § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), against Defendants PEP Research LLC (PEP), Brian Reynders, and Fred Reynders. (ECF No. 1). On December 30, 2016, Plaintiff filed an amended complaint, the operative Complaint in

this action, alleging the same claim.[1] Plaintiff alleged that Defendants' supplement company, a competitor of Plaintiff, engaged in false and misleading advertising of certain prescription-only drugs and synthetic peptides (the Products). (ECF No. 9). The Complaint stated that Defendants falsely represent the Products as "research peptides and chemicals" that are "not for human consumption" and "intended for laboratory research only" (the Representations). *Id.* ¶ 1. Plaintiff alleged the Representations are misleading because Defendants market and advertise the Products for personal use and consumption. *Id.* Plaintiff alleged the Representations are misleading because Defendants do not inform consumers that the Products are banned from sporting events and pose health and safety risks. *Id.*

On September 7, 2017, the Court denied Defendants' motion to dismiss with respect to Plaintiff's Lanham Act claim and granted the motion to dismiss as to Plaintiff's Racketeer Influenced and Corrupt Organizations Act claim. (ECF No. 15).

On February 15, 2019, the Court granted summary judgment in favor of Defendants. (ECF No. 75).

On March 4, 2019, Defendants filed a motion for attorney fees and related expenses. (ECF No. 78).

On March 25, 2019, Plaintiff filed a response in opposition to the motion for attorney fees. (ECF No. 81).

On April 1, 2019, Defendants filed a reply in support of the motion for attorney fees. (ECF No. 83).

## II. CONTENTIONS

Defendants contend that they are entitled to attorney fees pursuant to the Lanham Act and Fed. R. Civ. P. 54(d)(2) because this case is exceptional within the meaning of the

---

[1] Plaintiff's claims against Defendants Mastercard International Incorporated, Authorize.net, and Amazon Payments were dismissed for failure to serve. (ECF No. 21).

attorney fee statutory provision. Defendants assert that the Court informed Plaintiff of the evidence necessary to avoid summary judgment in the September 7, 2017 order denying Defendants' motion to dismiss and that Plaintiff had no evidence supporting the Lanham Act claim two years later at summary judgment. Defendants contend that it was frivolous and unreasonable for Plaintiff to approach summary judgment without any evidence in support of the Lanham Act claim. Defendants assert that Plaintiff knew no false advertising had occurred or caused harm, and that Plaintiff pursued the litigation to drive up litigation costs and obtain discovery sanctions or a settlement. Defendants contend that an award of attorney fees would properly compensate Defendants and Defendants' counsel and deter Plaintiff and Plaintiff's counsel from pursuing similar actions.

Plaintiff contends that Defendants have not met the burden to show this case is exceptional based on the fact that Defendants prevailed on summary judgment. Plaintiff contends that the claims in this case were not frivolous or unreasonable because the Court denied Defendants' motion to dismiss. Plaintiff contends that Defendants have not demonstrated an improper motive by referencing Plaintiff's other cases because Plaintiff has prevailed in prior similar suits. Plaintiff contends that the Court should consider Defendants' efforts to thwart discovery and corresponding discovery sanctions in this case. Plaintiff asserts that Plaintiff is not engaged in a scheme warranting deterrence; rather, "retailers like Defendants are criminally convicted for their intentional schemes to defraud and mislead." (ECF No. 81 at 7).

### III. DISCUSSION

The Lanham Act permits an award of reasonable attorneys' fees to a prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The "exceptional" determination is within the discretion of the trial court. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional, exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard." *SunEarth, Inc.*

*v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (first quoting and citing *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014), then citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)) (internal citation omitted). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1180 (quoting *Octane Fitness*, 572 U.S. at 554). Courts determining if a case is "exceptional" consider nonexclusive factors including: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1181 (quoting *Octane Fitness*, 572 U.S. at 554 n.6). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness*, 572 U.S. at 555.

In this case, Plaintiff alleged that Defendants violated the Lanham Act by advertising and selling products labeled "not for human consumption" when those products were intended for human consumption. Defendants prevailed on summary judgment by demonstrating a lack of evidence to support the Lanham Act claim, which shifted the burden to Plaintiff to set forth evidence demonstrating a genuine issue of material fact—a burden Plaintiff failed to carry. Defendants have not shown by a preponderance of the evidence that this case "case present[s] either subjective bad faith or exceptionally meritless claims," based on Plaintiff's failure to set forth the evidence needed to maintain the Lanham Act claim. *See Octane Fitness*, 572 U.S. at 555. Defendants have not shown by a preponderance that Plaintiff's claims were frivolous or improperly motivated or objectively unreasonable based on the facts and law of this case. Defendants have not shown by a preponderance that compensation and deterrence considerations require an award of fees in this case. *Compare Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 316CV02810BENBGS, 2018 WL 5840042, at *3 (S.D. Cal. Nov. 7, 2018) (awarding fees based on clear and convincing evidence of "wrongfulness,

willfulness, and bad faith in engaging in inequitable conduct," misleading representations to the court, and a litigation history of disregarding court orders), *with Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12-CV-2472-AJB-KSC, 2019 WL 1429588, at *9 (S.D. Cal. Mar. 29, 2019) (determining that the plaintiff's failure to provide evidence to survive summary judgment did not render the case exceptional). The Court declines to exercise its discretion to find this case "exceptional" within the meaning of 15 U.S.C. § 1117(a).

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion for attorney fees (ECF No. 78) is DENIED.

Dated: May 8, 2019

Hon. William Q. Hayes
United States District Court