FILED
Jun 02 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 02 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company,<br><br>  Plaintiff - Appellee,<br><br> v.<br><br>PEP RESEARCH, LLC, a Texas Limited Liability Company, DBA International Peptide and FRED REYNDERS, an individual,<br><br>  Defendants - Appellants,<br><br> and<br><br>BRIAN REYNDERS, an individual; et al.,<br><br>  Defendants. | No. 19-55651<br><br>D.C. No. 3:16-cv-02328-WQH-BLM<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered May 11, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rebecca Lopez
Deputy Clerk
Ninth Circuit Rule 27-7

**FILED**

**NOT FOR PUBLICATION**

MAY 11 2020

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUTRITION DISTRIBUTION LLC, an Arizona Limited Liability Company, | No. 19-55651 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-02328-WQH-BLM |
| v. | |
| PEP RESEARCH, LLC, DBA International Peptide, a Texas Limited Liability Company; FRED REYNDERS, an individual, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| BRIAN REYNDERS, an individual; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 7, 2020[**]
Pasadena, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and HELLERSTEIN,[***] District Judge.

PEP Research, LLC and Fred Reynders (collectively, PEP) prevailed at summary judgment, defeating Nutrition Distribution LLC's claim for violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.* The district court subsequently denied PEP's motion for attorneys' fees. PEP now appeals only the denial of fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

The Lanham Act allows a district court to award attorneys' fees to a prevailing party only in "exceptional cases." 15 U.S.C. § 1117(a). Whether a case is exceptional depends on the totality of the circumstances, considering a number of nonexclusive factors such as frivolousness, motivation, objective unreasonableness of the facts or legal theories, and the need to compensate the prevailing party or deter the losing party. *See Octane Fitness, LLC v. ICON Health*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

*& Fitness, Inc.*, 572 U.S. 545, 554 (2014); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam).

The district court did not abuse its discretion by denying PEP's motion for attorneys' fees. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563–64 (2014). Although PEP ultimately prevailed at summary judgment, the district court did not abuse its discretion by determining that the record evidence did not support the conclusion that Nutrition Distribution brought its claim in bad faith or with improper motivation. Nor was Nutrition Distribution's failure to carry its burden at summary judgment sufficient to indicate that its Lanham Act claim was frivolous or objectively unreasonable. *See, e.g., Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013). Because none of those factors, nor the totality of the circumstances, indicates that this was an exceptional case, the district court did not abuse its discretion by declining to award attorneys' fees to compensate PEP or deter Nutrition Distribution.

**AFFIRMED.**